**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ALBERT SEDGES,**
Plaintiff,

v.

**SUSAN CHAIT,**
Trial Court Administrator,
(In her Individual and Administrative Capacities)
Defendant.

## COMPLAINT FOR CONSTITUTIONAL VIOLATIONS

## I. PRELIMINARY STATEMENT

1. This is an action for damages and declaratory relief arising from a calculated, systemic, and unconstitutional "gatekeeping" operation within the Morris County Courthouse. Plaintiff, a *pro se* litigant, is the victim of a "closed-loop" administrative blockade designed to insulate judicial officers from oversight and accountability.

2. Defendant Susan Chait, as the administrator of the vicinage, oversaw the intentional interception of a **Mandatory Routing** filing addressed to the Chief Justice of the New Jersey Supreme Court. By "hijacking" this protected correspondence and diverting it to the very subjects of the misconduct complaint, the Defendant has effectively abolished the Plaintiff's First Amendment right to petition for redress, transforming the courthouse into a "black hole" where oversight is disappeared and due process is a fiction.

3. This is not a case of clerical oversight; it is a case of **Administrative Sabotage** intended to protect a "private club" of judicial officers from the light of the Supreme Court of New Jersey.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331** and **28 U.S.C. § 1343**.

5. Venue is proper in the District of New Jersey under **28 U.S.C. § 1391(b)** as the Defendant performs her duties in this District and the substantial part of the events, specifically the physical interception of legal documents, occurred in Morristown, NJ.

## III. PARTIES

6. Plaintiff, **Albert Sedges**, is an individual and *pro se* litigant residing at 201 South Rogers Road, Hot Springs, AR 71901.

7. Defendant, **Susan Chait**, is the Trial Court Administrator for the Morris/Sussex Vicinage. She is responsible for the administration, supervision, and policy-setting of the Clerk's Office. She is sued in her **Individual Capacity** for her personal role in the administrative failures and in her **Administrative Capacity** for the policies and "customs" of the Clerk's Office that facilitate the suppression and diversion of *pro se* filings.

## IV. STATEMENT OF FACTS: THE ADMINISTRATIVE INTERCEPT AND CONSPIRACY OF SILENCE

*(1)*

8. On December 10, 2025, Plaintiff utilized the JED filing system to submit a document explicitly and unequivocally titled: **"MANDATORY ROUTING TO THE CHIEF JUSTICE." (See Exhibit A, Motion Package).**

9. This document was not a motion for a local judge to decide; it was a formal grievance containing evidence of judicial misconduct intended for the high oversight of **Chief Justice Stuart Rabner** in Trenton.

10. To ensure there was no ambiguity for the Clerk, the Plaintiff included a bolded, capitalized directive on the first page of the **Motion Package (Exhibit A): "ATTENTION CLERK: THIS DOCUMENT MUST BE ROUTED TO CHIEF JUSTICE STUART RABNER IN TRENTON. THIS IS A MANDATORY ADMINISTRATIVE DUTY. DO NOT DIVERT."** *EXHIBIT B+C*

11. Under New Jersey Court Rules and established administrative protocols, the Clerk's Office—and by extension, Defendant Chait—possesses **zero discretionary authority** to adjudicate or divert mail addressed to the Chief Justice. The duty to transmit is absolute and ministerial.

12. Despite this unmistakable command, the Clerk's Office, operating under the direct control and policy-setting of Defendant Chait, willfully and maliciously refused to transmit the document to Trenton.

13. Instead, the Defendant's office engaged in a "tactical intercept," diverting the document to the chambers of **Judge Barbato**.

14. This action forced the Plaintiff's complaint into the hands of the very person accused of the misconduct, ensuring that the "fox was guarding the henhouse." By allowing the subject of a complaint to "adjudicate" the complaint itself, the Defendant ensured that no oversight could ever occur.

15. For **114 days**, the Defendant's office has maintained this blockade. This was a deliberate effort to stall the litigation and prevent the State's highest court from seeing the violations of **42 U.S.C. § 407** and the interference with the Plaintiff's health and social security benefits.

16. This was an **Administrative Act of Fraud**—a physical blockade of the legal process intended to silence a *pro se* litigant who had correctly identified the corruption within the vicinage.


## V. LEGAL CLAIMS / ARGUMENT

### COUNT I: 42 U.S.C. § 1983 — DENIAL OF ACCESS TO THE COURTS (FIRST AMENDMENT)

17. The Right of Access to the Courts is a "foundational" right that ensures all other constitutional protections can be vindicated.

18. By intercepting mail and blocking the physical path to the Chief Justice, Defendant Chait committed a "Physical Blockade" of the Plaintiff's legal process.

19. This interference was purely **Administrative and Ministerial**, stripping the Defendant of any claim to quasi-judicial immunity. A clerk or administrator has no "discretion" to steal mail meant for the Chief Justice.

20. The Defendant's actions were taken under "color of state law" and resulted in the direct deprivation of the Plaintiff's First and Fourteenth Amendment rights.

### COUNT II: VIOLATION OF DUE PROCESS (FOURTEENTH AMENDMENT)

21. The diversion of the "Mandatory Routing" document deprived the Plaintiff of his property and liberty interests in a fair legal proceeding without due process.

22. The "closed-loop" system maintained by the Defendant ensures that any grievance against a judge is intercepted by the judge's own staff, rendering the grievance process a sham and a nullity.


## VI. TABLE OF AUTHORITIES (SUPPORTING LEGAL PRECEDENTS)

(2)

- **Monroe v. Pape, 365 U.S. 167 (1961):** Establishing liability for government officials acting under "color of law."

- **Forrester v. White, 484 U.S. 219 (1988):** Stripping immunity for **Administrative Acts** performed by judicial officers and staff.

- **Bounds v. Smith, 430 U.S. 817 (1977):** Confirming the fundamental constitutional right of access to the courts.

- **Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993):** Holding that court staff do not have absolute immunity for **Ministerial Tasks** (non-discretionary duties).

- **42 U.S.C. § 1983:** The federal vehicle for redressing constitutional violations by state actors.

- **42 U.S.C. § 407:** Federal statutory protection against the execution or garnishment of Social Security benefits.

## VII. SUMMARY OF COMPLAINT

23. The Defendant, Susan Chait, utilized her administrative position to facilitate a physical blockade of the Plaintiff's legal filings. By intentionally diverting a "Mandatory Routing" document away from the Chief Justice of New Jersey, the Defendant acted outside the scope of her ministerial duties and in direct violation of the United States Constitution. This administrative hijack caused **114 days** of legal paralysis and emotional distress, warranting the damages sought herein.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully demands:

1. **Compensatory Damages** in the amount of **$500,000.00** for the total deprivation of constitutional rights, emotional distress, and the resulting legal paralysis caused by the Defendant's interference.

2. **Punitive Damages** to be determined at trial, to punish the Defendant for the willful, malicious, and bad-faith suppression of *pro se* rights.

3. **Declaratory Judgment** that the "intercept and diversion" policy of the Morris County Clerk's Office is unconstitutional and a violation of the First Amendment.

4. Any other relief this Court deems just and proper.

## IX. TABLE OF EXHIBITS

- **EXHIBIT A:** The December 10, 2025 "Motion Package" containing the **Mandatory Routing** instructions addressed to the Chief Justice in Trenton.

**Dated: April 3, 2026**

**ALBERT SEDGES, Plaintiff Pro Se**

(3)