

# Social Security Administration
# Benefit Verification Letter

Date: March 10, 2025
BNC#: 25BL795D36206
REF: A, C1

ALBERT NICKLOUS SEDGES
69 MOUNTAINVIEW AVE
MOUNT ARLINGTON NJ 07856-1168

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

## Information About Current Social Security Benefits

Beginning December 2024, the full monthly Social Security benefit before any deductions is $1,653.80.

We deduct $185.00 for medical insurance premiums each month.

The regular monthly Social Security payment is $1,468.00.
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

We found that you became disabled under our rules on September 1, 1996.

## Information About Past Social Security Benefits

From December 2023 to November 2024, the full monthly Social Security benefit before any deductions was $1,613.50.

We deducted $174.70 for medical insurance premiums each month.

The regular monthly Social Security payment was $1,438.00.
(We must round down to the whole dollar.)

## Type of Social Security Benefit Information

You are entitled to monthly disability benefits.

(11)

**Albert Sedges**
201 South Rogers Road
Hot Springs, Arkansas 71913
**Phone:** 862-683-6327
**Email:** sedges1@yahoo.com

**DATE:** April 2, 2026

**TO:** The Clerk of the Court / Presiding District Judge
**United States District Court, District of New Jersey**

**RE: AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED IN FORMA PAUPERIS (AO-239)**

**TO THE HONORABLE COURT:**

I, **Albert Sedges**, Plaintiff *Pro Se*, submit this formal statement in support of my Application to Proceed *In Forma Pauperis* (Form AO-239). This application is submitted in good faith and is supported by the attached **Social Security Benefit Verification Letter**, which confirms my status as a disabled recipient of Social Security Disability Insurance (SSDI).

I feel it is necessary to bring to the Court's attention a significant and prejudicial procedural failure regarding my prior attempt to seek indigent status. In my previous filing (Case No. 25-cv-17354), I waited **over eight weeks (nearly nine weeks)** for a determination on my IFP application. This unconscionable delay effectively barred my access to the judicial system, as no Summons could be issued and no service could be perfected while the application sat dormant. Ultimately, as a disabled senior citizen on a fixed income, I was forced to reach into my own limited subsistence funds to pay the filing fee simply to move the case forward and avoid further administrative obstruction.

This type of administrative paralysis is unacceptable and functions as a *de facto* dismissal of a meritorious civil rights action. A citizen's access to the Federal Judiciary should not be contingent upon their ability to survive a two-month bureaucratic delay.

I am a disabled individual with no outside income and no access to the assets of my estranged spouse, from whom I have been separated for over six months. My financial reality is clearly established by the attached Social Security documentation.

I respectfully request that the Court process this application with the urgency required by law so that my Constitutional claims may finally be heard on the merits without further administrative obstruction.

Respectfully submitted,

**Albert Sedges**
*Plaintiff Pro Se*

4/2/2026

7

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT of NEW JERSEY

ALBERT N SEDGES

_____
*Plaintiff*                      )
                                 )
                                 )
v.                               )     Civil Action No.
SUSAN CHAIT IN HER INDIVIDUAL AND)
ADMINISTRATIVE CAPACITY          )
_____  )
*Defendant*                      )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* SUSAN CHAIT SUPERIOR COURT MORRIS COUNTY NEW JERSEY 10 COURT STREET MORRISTOWN NEW JERSEY 07896

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   ALBERT N SEDGES 201 SOUTH ROGERS ROAD BLDG I APT 130 HOT SPRINGS AR. 71913

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____04/06/2023_____          _____
                                        *Signature of Clerk or Deputy Clerk*

(12)

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

□  I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

□  I returned the summons unexecuted because _____ ; or

□  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

(13)

# SUPERIOR COURT OF NEW JERSEY

# CHANCERY DIVISION

**EX-A**

# FAMILY PART

# MORRIS COUNTY

Plaintiff: Carol Sedges

v.

Defendant: ALBERT SEDGES

DOCKET NO.: FM-14-000773-25

FORMAL NOTIFICATION TO THE CLERK OF THE SUPERIOR COURT

(Re: Mandatory Routing of Motion to the Chief Justice)

TO: Clerk of the Superior Court of New Jersey Family Part, Morris County

AND FOR MANDATORY ROUTING TO: The Honorable Stuart Rabner, Chief Justice New Jersey State Supreme Court Richard J. Hughes Justice Complex P.O. Box 970 Trenton, New Jersey 08625-0970

FILED BY: Albert Sedges 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901 Phone: (862) 683-6327 Email: sedges1@yahoo.com Date: December 10, 2025

WHEREAS, the undersigned, Albert Sedges, is filing a specific Motion through the Judiciary Electronic Document Submission (JED) system in the above-captioned matter (Docket No. FM-14-000773-25);

WHEREAS, this Notification formally advises the Clerk that the content of the motion specifically addresses judicial conduct and matters related to the rulings and actions of **Judge Minkowitz** and **Judge Barbato**, previously or currently assigned to this matter;

NOW, THEREFORE, TAKE NOTICE that, due to the nature of the allegations contained within the Motion, this Notification serves as a formal and mandatory instruction to ensure that a true and honest copy of the complete Motion, and this accompanying Notification, is physically placed upon the desk of **Chief Justice Rabner** at the New Jersey State Supreme Court located within the Richard J. Hughes Justice Complex, Trenton, New Jersey. The motion is filed with the express intent that the Chief Justice be apprised of the issues raised concerning the proceedings in the Superior Court, Family Part, Morris County.

CERTIFICATION OF SERVICE To CHIEf JUSTICE RABNER AT ABOVE ADDRESS VIA U.S. MAIL

I hereby certify that on this 10th day of December, 2025, a true and honest copy of this Formal Notification to the Clerk, along with the Motion referred to herein, has been and will be served upon the following individuals through the specified methods:

1. **Judge Barbato:** Via email, U.S. Mail, and the JED system. } NJ S.C 10 COURT ST.
2. **Judge Minkowitz:** Via email, U.S. Mail, and the JED system. } MORRISTOWN NJ 47960

3. **Wife's Attorney Name JOHN DELL'ITALIA 18 TONY GALENTO PLAZA ORANGE N.J. 07050**

## CERTIFICATION OF TRUTH

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Albert Sedges (Filer/Defendant) PRO SE

Ex A

**NOTICE**: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status information.

## Form A - Notice of Motion

**Filing Attorney Information or Pro Se Litigant:**

Name   ALBERT SEDGES

*E x H*

NJ Attorney ID Number   N/A

Address   201 SOUTH RODGERS RD. HOTSPRINGS AR. ~~79101 BLDG I APT130~~

Daytime Phone   8626836327   ext. N/A   Cell Phone _____

Email Address   SEDGES1@YAHOO.COM

Your Name   ALBERT SEDGES

(check one) ☐ Plaintiff   ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County   Morris

Docket Number   FM-14-000773-25

**Civil Action**

**Notice of Motion**

(See Below)

TO: (Other party's lawyer or Other Party)
JOHN DELL'ITALIA 18 TONY GALENTO PLAZA ORANGE N.J. 07050

(County Probation Division)
N/A

PLEASE TAKE NOTICE that on Friday, _____, at 9:00 a.m., or as soon after that as the matter may be heard, ALBERT SEDGES_____, the (check one) ☐ plaintiff / ■ defendant will apply to whichever judge is hearing matters in the Superior Court, Chancery Division - Family Part, Morris_____ County, at the Morris_____ County Courthouse MORRISTOWN_____, New Jersey for an order to:

☐ Continuation/Termination of Child Support          ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments          ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments     ☐ Emancipate a Child

☐ Change Custody arrangements     ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements     ☐ Change of Venue

■ Other (specify): JUDICIAL MISCONDUCT ASSIGN JUDGE MINKOWITZ

(Type or print what you are asking the court to do. Attach additional sheets of 8.5" x 11" white paper, if necessary.)

1. SEE ATTACHED COMPLAINT

Ex A

2.

3.

4.

5. Require the _Morris_____ County Probation Division to adjust its records in accordance with this order for Child Support account CS- _N/A_____, and reissue any orders of income withholding if necessary;

6. Or such other relief as the Court may deem equitable and just.

7. I (check one) ■ do / ☐ do not want oral argument.

s/ _____     Date: 12/10/2025_____
(Signature)

(check one)   ☐ Plaintiff     ■ Defendant

| If you requested oral argument do you need to request: | | | |
| --- | --- | --- | --- |
| An interpreter | ☐ Yes ☐ No | Language: | _____ |
| A disability accommodation | ☐ Yes ☐ No | Accommodation: | _____ |
|  |  |  | _____ |

## Form B – Certification in Support of a Motion

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOTSPRINGS AR.
79101 BLDG 1 APT 130

Daytime Phone  8626836327 ____ ext. N/A ____ Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County  MORRIS |
| v. | Docket Number  FM-14-000773-25 |
| | **Civil Action** |
| ALBERT SEDGES | **Certification in Support of a** |
| Defendant (Name as it appears in original caption) | **Motion** |
| | (See Below) |

I, ALBERT SEDGES _____, of full age, hereby certify:

1. I am the (check one) ☐ plaintiff / ■ defendant in this matter and I am filing this Certification in support of my Notice of Motion to:

☐ Continuation/Termination of Child Support        ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments        ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments        ☐ Emancipate a Child

☐ Change Custody arrangements        ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements        ☐ Change of Venue

■ Other (specify): JUDICIAL MISCONDUCT ASSIGN JUDGE MINKOWITZ

2. Explanation of facts: (Attach additional sheets of 8.5" x 11" white paper, if necessary.)
   a. SEE ATTACHED COMPLAINT

   b.

Ex A

I certify that the statements made above are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment by the Court.

s/ _____    Date: 12/10/2025
(Signature)

(check one)   ☐ Plaintiff      ■ Defendant

**Remember to attach all copies of exhibits, orders, case information statements, etc., to this form.**

Ex A

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT SEDGES
NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD. HOTSPRINGS AR.
~~79101 BLDG I APT130~~

Daytime Phone  8626836327 ___ ext. N/A ___ Cell Phone _____
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on Friday, _____, on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
■ Other (specify):  JUDICIAL MISCONDUCT ASSIGN JUDGE MINKOWITZ

☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue

filed by ☐ plaintiff / ■ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _____ ORDERED THAT:

1.  The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☐ denied the following relief(s): (See step 5 on page 10)
    a.  _____
    b.  _____



c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_____

_____

_____

_____

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_____
, J.S.C.



## Form D- Certification of Filing and Service

I hereby certify that the original of the attached Notice of Motion, the original of the attached supporting Certification, and the original and two copies of the Proposed Order are being filed with the Clerk of the Superior Court at the ___Morris_____ Family Division Manager's Office.

In addition, I certify that I served a copy of this motion (check one)

☐ personally, on the person(s) or attorney(s) listed below.

    ☐ Notarized acknowledgement of service signed by the other party attached (Form H). (Required if checking the box above.)

☐ by process server, courier service or by an adult neutral third party, on the person(s) or attorney(s) listed below.

    ☐ Affidavit/Acknowledgement of service attached. (Required if checking the box above.)

■ by mailing it on this date to the person(s) or attorney(s) listed below by **BOTH** regular and certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

JOHN DELL'ITALIA
(Name)

9589071052702736380307
(Certified Mail Number)

18 TONY GALENTO PLAZA
(Address)

ORANGE N.J. 07050
(City, State & Zip Code)

 

(Name)

 

(Certified Mail Number)

 

(Address)

 

(City, State & Zip Code)

(Name)

(Certified Mail Number)

(Address)

(City, State & Zip Code)

(Name)

(Certified Mail Number)

(Address)

(City, State & Zip Code)

s/ _____
(Signature)

ALBERT SEDGES
(Type or print your name)

Date: 12/10/2025

(check one)  ☐ Plaintiff    ■ Defendant



**Form E - Notice to Litigants**

## If You Want to Respond to This Motion You Must Do So in Writing

This written response shall be by affidavit or certification. Affidavits and certifications are documents filed with the court. In either document, the person signing it swears to its truth and acknowledges that they are aware that they can be punished for not filing a true statement with the court. Affidavits are notarized and certifications are not.

If you would also like to submit your own separate requests in a motion to the judge you can do so by filing a cross-motion. Your response and/or cross-motion may ask for oral argument. That means you can ask to appear before the court to explain your position. However, you must submit a written response even if you request oral argument. Any papers you send to the court must be sent to the opposing side, either to the attorney if the opposing party is represented by one, or to the other party if they represent themselves. Two copies of all motions, cross-motions, certifications, and briefs shall be sent to the opposing side.

The response and/or cross-motion must be submitted to the court by a certain date. All motions must be filed on the Tuesday 24 days before the return date. A response and/or cross motion must be filed fifteen days (Thursday) before the return date. Answers or responses to any opposing affidavits and cross-motions shall be served and filed not later than eight days (Thursday) before the return date. No other response is permitted without permission of the court. If you mail in your papers you must add three days to the above time periods.

Response to motion papers sent to the court are to be sent to the following address: [Fill in the address of the Family Division in the county where this motion was filed. A directory of Family Division offices can be found at njcourts.gov]

SUPERIO COURT OF MORRIS COUNTY 10 COURT STREET MORRISTOWN N.J. 07960

Call the Family Division Manager's office: (fill in phone number) _____ ext. _____ if you have any questions on how to file a motion, cross-motion or any response papers. Please note that the Family Division Manager's office cannot give you legal advice.

**Form G - Letter to the Clerk of the Superior Court** EX A

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOTSPRINGS AR. 79101 BLDG I APT130

Daytime Phone  8626836327     ext. N/A     Cell Phone

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

Morris                 Superior Court Clerk, Family Part.
(county)

10 COURT ST.
(street address)

MORRISTOWN N.J. 07960
(city, state, zip code)

RE:  SEDGES V SEDGES

(Name of case, Plaintiff v. Defendant)

Docket Number:  FM-14 - 000773-25
(Type or print docket number)

Dear Sir or Madam:

Enclosed is an original and one copy of a Notice of Motion and Certification in Support of Motion as well as an original and two copies of the Proposed Order submitted by me in the above matter.

Copies of these documents have been forwarded to  JOHN DELL'ITALIA                 .
Please mark the copy of the Notice of Motion and Certification "filed" and return them in the enclosed envelope.  (If you are filing an FM/matrimonial motion, you must include a $50 check or money order payable to *Treasurer, State of New Jersey* for filing this motion.  All other case types do not require a filing fee.)  Thank you for your cooperation in this matter.

Very truly yours,

s/
Signature

Enclosures

Copies to:

JOHN DELL'ITALIA
Name of other party's lawyer, if applicable or name of other party

N/A
Name of County Probation Division collecting support, if applicable

Revised 08/06/2020, CN 10483                                                                 page 34 of 36



# FORMAL COMPLAINT AND REQUEST FOR INTERVENTION

## CONCERNING JUDICIAL SELF-ADJUDICATION, CONFLICT OF INTEREST, AND VIOLATION OF RECUSAL PROCEDURE (RULE 1:12-2)

Albert Sedges 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901 Phone: (862) 683-6327 Email: sedges1@yahoo.com Date: December 10, 2025

**VIA U.S. MAIL (CERTIFIED) AND EMAIL**

Chief Justice Stuart Rabner New Jersey State Supreme Court Richard J. Hughes Justice Complex P.O. Box 970 Trenton, New Jersey 08625-0970

**RE: Judicial Self-Adjudication, Conflict of Interest, and Procedural Failure in Morris County Family Part Case Name:** Carol Sedges v. Albert Sedges **Docket Number:** FM-14-000773-25 **Judges Involved:** Judge Barbato (Presiding Judge) and Judge Minkowitz (Assignment Judge)

Chief Justice Rabner,

This communication is a formal complaint regarding a fundamental procedural and due process violation in the above-referenced matrimonial matter, resulting from the failure of the Assignment Judge to uphold the clear mandates of the New Jersey Rules of Court regarding judicial disqualification. I respectfully request your immediate intervention.

### FACTUAL BACKGROUND OF THE VIOLATION (Corrected Timeline)

1. **October 20, 2025 (Complaint Filed):** I filed a formal complaint or submission detailing Judge Barbato's alleged misconduct in the matter.

2. **October 30, 2025 (Recusal Motion Filed):** I moved for the recusal and disqualification of Judge Barbato based on his subsequent adversarial conduct and lack of impartiality.

3. **November 21, 2025 (Unlawful Self-Adjudication and Vexatious Referral):** Judge Barbato issued a proposed Order that was then signed, in which he unlawfully ruled on and **denied both the October 20th complaint against him and the October 30th Motion for Recusal.** This action placed him in the position of adjudicating his own impartiality, in direct violation of **New Jersey Court Rule 1:12-2.** Crucially, in the very same November 21st Order, Judge Barbato included a **referral to the Assignment Judge designating me as a potential vexatious litigant.**

4. **Assignment Judge's Selective Enforcement (Demonstrated Bias):** The Assignment Judge, **Judge Minkowitz,** has been made aware of the procedural illegality of Judge Barbato's self-adjudication (ruling on his own complaint and recusal) but has refused to intervene or correct the error. This systemic failure is highlighted by the Assignment Judge's **immediate and rapid action** upon receiving the vexatious litigant referral from Judge Barbato in the same November 21st Order, where he promptly issued an Order to Show Cause against me. This differential treatment—swift

punitive action against me, coupled with total inaction regarding the clear procedural violation by his subordinate—demonstrates a severe, intolerable bias and complicity in the failure of due process.

**Ex A**

## VIOLATION OF JUDICIAL CANONS AND RULES

The self-adjudication of a recusal motion and a complaint concerning one's own conduct is a gross violation of **R. 1:12-2** and the principles of due process. The subsequent refusal of the Assignment Judge to exercise his supervisory authority to correct this error, while simultaneously acting with haste on the referral against me, constitutes a willful failure to enforce the Rules of Court and compromises the integrity of the judicial process. This inaction confirms and ratifies the procedural error, creating an intolerable conflict of interest that denies me the right to an unbiased hearing on the motion for disqualification.

## REQUEST FOR REMEDY

Given that the Assignment Judge has failed to fulfill his administrative duty to correct this conflict, even after repeated and specific notification, I am compelled to address the highest judicial authority.

I respectfully request that you, as Chief Justice, intervene immediately and issue an Administrative Order:

1. **VACATING** the Order issued by Judge Barbato denying his own complaint and his own recusal.

2. **REQUIRING** the appointment of a **neutral, outside judge** (from a different vicinage or the Appellate Division) to hear the Motion for Disqualification/Recusal of both Judge Barbato and Assignment Judge Minkowitz, thereby restoring adherence to the Rules of Court.

3. **STAYING** all proceedings in this matter pending the resolution of the recusal issue by the assigned judge.

I attach the proposed Order denying the complaint (Exhibit A) and the proposed Order denying recusal (Exhibit B) as evidence of this procedural breakdown, both of which were unlawfully signed by Judge Barbato.

## CERTIFICATION

I, Albert Sedges, hereby certify that the foregoing statements made by me are true and accurate to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Respectfully,

Albert Sedges Defendant Pro Se Docket No.: FM-14-000773-25

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2025, I served a true and correct copy of this Formal Complaint and Request for Intervention upon the following parties via **JEDS system email** (for

the Judges) and **First-Class Mail** (for all parties, including opposing counsel):

- **Hon. Stuart Rabner, Chief Justice** (Via Certified Mail and Email) ADDRESS FRONT PAGE

- **Hon. Assignment Judge Minkowitz** (Via JEDS Email and First-Class Mail)

   NJSC
  10 COURT ST
  MORRISTOWN NJ 07960

- **Hon. Judge Barbato** (Via JEDS Email and First-Class Mail)

- **John Dell'Italia, Esq.** (Opposing Counsel)

  - 18 Tony Galento Plaza

  - Orange, New Jersey 07050

EX A

# FORMAL COMPLAINT AND REQUEST FOR INTERVENTION

## CONCERNING JUDICIAL SELF-ADJUDICATION, CONFLICT OF INTEREST, AND VIOLATION OF RECUSAL PROCEDURE (RULE 1:12-2)

Albert Sedges 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901 Phone: (862) 683-6327 Email: sedges1@yahoo.com Date: December 10, 2025

VIA U.S. MAIL (CERTIFIED) AND EMAIL

Chief Justice Stuart Rabner New Jersey State Supreme Court Richard J. Hughes Justice Complex P.O. Box 970 Trenton, New Jersey 08625-0970

RE: Judicial Self-Adjudication, Conflict of Interest, and Procedural Failure in Morris County Family Part Case Name: Carol Sedges v. Albert Sedges Docket Number: FM-14-000773-25 Judges Involved: Judge Barbato (Presiding Judge) and Judge Minkowitz (Assignment Judge)

Chief Justice Rabner,

This communication is a formal complaint regarding a fundamental procedural and due process violation in the above-referenced matrimonial matter, resulting from the failure of the Assignment Judge to uphold the clear mandates of the New Jersey Rules of Court regarding judicial disqualification. I respectfully request your immediate intervention.

## FACTUAL BACKGROUND OF THE VIOLATION (Corrected Timeline)

1. **October 20, 2025 (Complaint Filed):** I filed a formal complaint or submission detailing Judge Barbato's alleged misconduct in the matter.

2. **October 30, 2025 (Recusal Motion Filed):** I moved for the recusal and disqualification of Judge Barbato based on his subsequent adversarial conduct and lack of impartiality.

3. **November 21, 2025 (Unlawful Self-Adjudication and Vexatious Referral):** Judge Barbato issued a proposed Order that was then signed, in which he unlawfully ruled on and **denied both the October 20th complaint against him and the October 30th Motion for Recusal.** This action placed him in the position of adjudicating his own impartiality, in direct violation of **New Jersey Court Rule 1:12-2.** Crucially, in the very same November 21st Order, Judge Barbato included a **referral to the Assignment Judge designating me as a potential vexatious litigant.**

4. **Refiling of Complaint (Following Week):** Following Judge Barbato's unlawful denial of his own complaint and recusal motion, I refiled the complaint against him. This refiled motion/complaint was explicitly marked as being **"for Assignment Judge eyes only,"** ensuring Assignment Judge Minkowitz was directly and personally informed of the need to intervene and correct the procedural error.

5. **Assignment Judge's Selective Enforcement (Demonstrated Bias):** The Assignment Judge, **Judge Minkowitz**, has been made aware of the procedural illegality of Judge Barbato's self-adjudication (ruling on his own complaint and recusal) but has refused to intervene or correct the error. This systemic failure is highlighted by the Assignment Judge's **immediate and rapid action** upon receiving the vexatious litigant referral from Judge Barbato in the same November 21st Order, where he promptly issued an Order to Show Cause against me. This differential treatment—swift punitive action against me, coupled with total inaction regarding the clear procedural violation by his subordinate—demonstrates a severe, intolerable bias and complicity in the failure of due process.

## VIOLATION OF JUDICIAL CANONS AND RULES

The self-adjudication of a recusal motion and a complaint concerning one's own conduct is a gross violation of **R. 1:12-2** and the principles of due process. The subsequent refusal of the Assignment Judge to exercise his supervisory authority to correct this error, while simultaneously acting with haste on the referral against me, constitutes a willful failure to enforce the Rules of Court and compromises the integrity of the judicial process. This inaction confirms and ratifies the procedural error, creating an intolerable conflict of interest that denies me the right to an unbiased hearing on the motion for disqualification.

## REQUEST FOR REMEDY

Given that the Assignment Judge has failed to fulfill his administrative duty to correct this conflict, even after repeated and specific notification (including the refiled complaint directed exclusively to him), I am compelled to address the highest judicial authority.

I respectfully request that you, as Chief Justice, intervene immediately and issue an Administrative Order:

1. **VACATING** the Order issued by Judge Barbato denying his own complaint and his own recusal.

2. **REQUIRING** the appointment of a **neutral, outside judge** (from a different vicinage or the Appellate Division) to hear the Motion for Disqualification/Recusal of both Judge Barbato and Assignment Judge Minkowitz, thereby restoring adherence to the Rules of Court.

3. **STAYING** all proceedings in this matter pending the resolution of the recusal issue by the assigned judge.

I attach the proposed Order denying the complaint (Exhibit A) and the proposed Order denying recusal (Exhibit B) as evidence of this procedural breakdown, both of which were unlawfully signed by Judge Barbato.

## CERTIFICATION

I, Albert Sedges, hereby certify that the foregoing statements made by me are true and accurate to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Respectfully,

Albert Sedges Defendant Pro Se Docket No.: FM-14-000773-25



## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2025, I served a true and correct copy of this Formal Complaint and Request for Intervention upon the following parties via **JEDS system email** (for the Judges) and **First-Class Mail** (for all parties, including opposing counsel):

- **Hon. Stuart Rabner, Chief Justice** (Via Certified Mail and Email) *ADDRESS FRONT PAGE*

- **Hon. Assignment Judge Minkowitz** (Via JEDS Email and First-Class Mail) *N J.S.C*
- **Hon. Judge Barbato** (Via JEDS Email and First-Class Mail) *10 COURT ST. MORRISTOWN N.J. 07960*

- **John Dell'Italia, Esq.** (Opposing Counsel)

  - 18 Tony Galento Plaza *18 TONY GALENTO PLAZA ORANGE NJ 07050*

*EX A*



# FORMAL COMPLAINT TO CHIEF JUSTICE RABNER: EVIDENCE OF SUPERVISORY FAILURE AND BAD FAITH

## Focused on Judge Barbato's Unlawful Order Denying Complaint (Exhibit A)

This analysis addresses the Proposed Order signed by Judge Barbato, dated November 25, 2025, and the subsequent duplicative Order dated December 5, 2025 (collectively, **Exhibit A**). These Orders unlawfully deny the Defendant's **Complaint Against Judicial Conduct** directed at the Presiding Judge's own actions.

Exhibit A is not merely an error by Judge Barbato; it stands as concrete evidence that the required judicial oversight—specifically by **Assignment Judge Minkowitz**—is either absent or willfully disregarded, leading to a fundamental breakdown of procedural fairness in this matter.

### 1. Primary Procedural Violation: Usurpation of Administrative and Judicial Authority

The issuance of these Orders constitutes a gross and dual violation of proper judicial procedure and administrative authority:

| Authority Usurped | Action Taken by Judge Barbato | Rule or Principle Violated |
|---|---|---|
| Clerk's Deficiency Screening Authority | The Judge *denied* the complaint on grounds of lack of legal/factual support, despite the document being **stamped, certified, and accepted by the Clerk's Office.** | **Administrative Rule/Clerk's Duty:** The Clerk's Office is responsible for initial screening and returning documents that are procedurally deficient. By attempting to summarily reject an already-filed document based on its content, the Judge is attempting to **retroactively usurp the Clerk's administrative authority to shield his own actions.** |
| Assignment Judge's Authority | The Judge adjudicated and ruled upon a complaint directed specifically against *his own* conduct and orders. | **N.J. Rule of Court 1:12-2 & Judicial Ethics:** A judge cannot preside over a matter concerning his or her own disqualification or impartiality. The complaint required immediate referral to the Assignment Judge for review, not self-adjudication. |

### 2. The Unjustifiable Basis for Denial (Unsupported by the Record)

The Order's stated basis for denial—that the filing is "not being supported by law and/or fact"—is a transparent act of judicial self-defense that confirms the Judge's attempt to circumvent proper procedure:

- **Failure of Due Process Gatekeeping:** A properly filed judicial complaint, if truly lacking any legal or factual basis, *would have been returned by the Clerk's Office for deficiency* before it ever reached the Judge's desk. The Clerk's Office **stamped and certified the filing,** indicating it was administratively complete and fit for judicial review.

EX H

- **Attempt to Hide Behind the Clerk:** Judge Barbato's subsequent ruling on the "support of law and/or fact" is an unlawful attempt to retroactively impose an administrative deficiency on a filed, certified document. He is trying to "get cute" by using the Clerk's non-action as a pretense to justify ruling on a complaint against himself, confirming a lack of neutrality.

- The Judge's duty was not to rule on the merits of a complaint against himself but to determine if the document necessitated **mandatory recusal** and subsequent referral.

- Ruling on the "support" confirms the Judge was acting to defend his own judicial record, demonstrating a failure to recuse and a clear **lack of neutrality**.

- The duplicative Order of December 5, 2025, further solidifies the violation by having the Judge confirm his prior, unlawful self-adjudication.

### 3. Clear Evidence of Judicial Bias (The Vexatious Referral)

The simultaneous issuance of the denial (of the complaint against the Judge) and the initiation of a **Vexatious Litigant Referral** in the same November 25th Order confirms an adversarial and punitive intent. The Judge denied the challenge to his conduct and immediately responded with a high-stakes, punitive action against the Defendant, violating the judicial requirement for impartiality and due process.

### 4. Assignment Judge Minkowitz's Supervisory Failure

The existence of Exhibit A, which is readily accessible through the court docket, is compelling evidence of a failure of supervision by Assignment Judge Minkowitz:

- **Exhibit A is Proof of Neglect:** A complaint directed at the conduct of a Presiding Judge **must** be immediately referred up the chain of command for review by the Assignment Judge.

- **Awareness of Breach:** Given the clear, self-evident nature of the procedural breach—a judge ruling on a complaint against himself—Assignment Judge Minkowitz, as the supervisor, is inherently responsible for reviewing and correcting this type of structural error that corrupts the judicial process.

- **Waiver of Authority:** By allowing Judge Barbato's unlawful Order (Exhibit A) to stand unchallenged and uncorrected on the docket, Assignment Judge Minkowitz has implicitly abdicated his supervisory duty under N.J. Rule 1:12-2 and allowed the subordinate judge's procedural violation to persist.

- **The Nexus:** Exhibit A confirms that the Assignment Judge is **well aware** of the facts establishing the procedural and ethical violations but has failed to intervene, thereby ratifying the self-adjudication of the complaint by the subject of that complaint.



# Procedural Analysis of Court Exhibits

This document serves as an analytical log of specific procedural documents, focusing on dates, stated rationale, and alleged conflicts or errors.

## Exhibit A: Defendant's Initial Motion for Recusal

| Detail | Description |
| --- | --- |
| Document Type | Motion for Recusal |
| Filing Date | October 30, 2025 |
| Purpose | To request the assigned Judge's removal from the case due to alleged bias or conflict of interest. |
| Key Point | The motion was filed on October 30th. It triggered the procedural obligation for the Judge to either recuse or deny the motion formally. |

## Exhibit B: Form C Proposed Order Denying Recusal (By Judge BARBATO)

| Detail | Description |
| --- | --- |
| Document Type | Form C Proposed Order (Denial of Recusal) |
| Judge Identity | **Judge BARBATO** (The Judge against whom the recusal/complaint is directed to). |
| Decision Date | December 5th (Matter opened November 1st, decided December 5th) |
| Stated Rationale | "This is a duplicate of defendant's previous motion of October 20th 2025 which was denied pursuant to the courts, November 25th 2025 order." |
| Procedural Conflict | The Judge explicitly states the recusal motion is a "duplicate" of a "previous motion of October 20th 2025." The defendant asserts:<br><br>**1. October 20th** was the date of the initial **Complaint/main motion**, not the first recusal motion.<br><br>**2. The Recusal Motion** was filed on **October 30th** (Exhibit A). |
| Analysis | **Crucial Conflict and Evidence:** This document serves as primary evidence that Judge BARBATO is ruling on his own recusal/complaint, which is a significant procedural violation. Furthermore, |

the denial is predicated on a factual misstatement of the record—conflating the **October 20th Complaint** with the **October 30th Recusal Motion**. This mischaracterization of the motion's history supports the narrative that the Judge is "doubling down" on his position by denying the request based on an inaccurate procedural history.

## THE ASSIGNMENT JUDGE MINKOWITZ IS WELL AWARE OF THESE VIOLATIONS AND DOES NOTHING OTHER THAN ZEALOUSLY FILE A O.T.C AGAINST ME DUE TO JUDGE BARDATO REFERAL ON THE DENIED COMPLAINT TO HIMSELF EXHIBIT A

EX A

**TO:** The Honorable Chief Justice Stuart Rabner Supreme Court of New Jersey Richard J. Hughes Justice Complex 25 W. Market St. Trenton, NJ 08625

**FROM:** Albert Sedges 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901 **Phone:** 862-683-6327

**EX H**

( 1 OF 3 )

**DATE:** December 10, 2025

**SUBJECT:** Formal Complaint Against **Assignment Judge Minkowitz** for Failure of Supervisory Duty Leading to Compromised Judicial Impartiality

**CASE NAME/CAPTION:** Sedges versus Sedges **DOCKET NUMBER:** FM-14-000773-25 **VICINAGE/COUNTY:** Morris County, New Jersey

---

## Executive Summary of the Administrative Failure

This formal complaint is filed against **Assignment Judge Minkowitz** for a grave and specific failure to execute his mandatory administrative and supervisory duties as the leader of the Morris County Vicinage (Vicinage 10). This failure allowed for a fundamental compromise of judicial impartiality, undermining the integrity of the judicial process.

Assignment Judge **Minkowitz** improperly permitted his subordinate, **Presiding Judge Barbato**, to preside over and issue a ruling on the **very complaint and motion for recusal that had been filed against Judge Barbato himself.**

## Details of the Dereliction of Duty

1. **Conflict of Interest Arose (First Notice):** I filed a formal complaint against Presiding Judge Barbato on **October 20, 2025**, and subsequently filed a motion for recusal on **October 30, 2025**, both submitted via the JEDS system. The full particulars of the complaint and the basis for the recusal are fully detailed in the attached documents, **Exhibits A and B.**

2. **Assignment Judge's Acknowledged Notice (Second, Targeted Notice):** Following Judge Barbato's improper self-ruling (Exhibit B), I **refiled the complaint and motion for recusal** with a specific designation stating: **"For Assignment Judge Minkowitz's Eyes Only."** This action delivered undeniable, personal notice to Judge **Minkowitz** that his subordinate was improperly ruling on his own complaint and that supervisory intervention was immediately required.

3. **Prior Notice:** Furthermore, Assignment Judge **Minkowitz** was previously and repeatedly put on notice of the seriousness of this situation through the submission of **several supplemental certifications** addressing the ongoing issues within his Vicinage. Therefore, Judge **Minkowitz** cannot claim ignorance regarding the actions of Judge Barbato or the necessity for supervisory intervention.

4. **Assignment Judge's Obligation:** As the Assignment Judge, Judge **Minkowitz** had the administrative responsibility to address the conflict filed against his subordinate. The proper procedure required Judge **Minkowitz** to assume jurisdiction over the matter and assign it to an impartial, non-involved judge. This is required to maintain the fundamental integrity of the judicial process.

5. **The Failure and Proof:** Assignment Judge **Minkowitz** failed to execute this essential supervisory function, even after receiving targeted and exclusive notice (Point 2). He permitted Presiding Judge Barbato to remain seized of the matter and rule on his own complaint and recusal motion. As proof, I am submitting as **Exhibit B** the **Proposed Order denying his own motion for complaint and recusal**, signed by Judge Barbato.

6. **Damage to Integrity:** Allowing a judge to rule on the merits of a complaint concerning his or her own conduct or impartiality is a direct violation of due process and creates an unacceptable **appearance of impropriety**. This administrative failure by Assignment Judge **Minkowitz** constitutes a profound disregard for the procedural safeguards intended to ensure litigants receive a fair and impartial hearing.

## Request for Review and Intervention

I submit that Assignment Judge **Minkowitz's** tolerance of this action constitutes an administrative failure that necessitates immediate intervention from the Supreme Court.

I respectfully request that Chief Justice Rabner review this complaint and take appropriate administrative action to address Assignment Judge **Minkowitz's** failure of supervision, to **vacate the ruling issued by Judge Barbato (Exhibit B) and the underlying ruling on the complaint (Exhibit A)**, and to restore due process in my case (Sedges versus Sedges, Docket No. FM-14-000773-25).

**Albert Sedges**, hereby certify as follows:

1. I have read the foregoing Formal Complaint Against Assignment Judge Minkowitz and attest that the statements contained herein are **true and accurate** to the best of my knowledge, information, and belief.

2. I understand that these statements are made subject to the penalties of perjury and that any willful false statement is punishable by law.

3. I further certify that a true and complete copy of this Formal Complaint, along with all attached Exhibits (A and B, and Supplemental Certifications), has been served upon the following individuals and offices this **December 10, 2025**, by **First Class U.S. Mail** and via the **JEDS system email** where applicable:

| Party Served | Title/Capacity | Address for Service |
|---|---|---|
| **Assignment Judge Minkowitz** | Assignment Judge | Superior Court of Morris County, 10 Court Street, Morristown, NJ 07960 |
| **Presiding Judge Barbato** | Presiding Judge | Superior Court of Morris County, 10 Court Street, Morristown, NJ 07960 |
| **John Dell'Italia, Esq.** | Opposing Counsel | 18 Tony Galento Plaza, Orange, NJ 07050 |

**Signature**

**Albert Sedges** 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901

# PLAINTIFF'S MOTION FOR JUDICIAL DISQUALIFICATION OF HONORABLE JUDGE BARBATO AND HONORABLE JUDGE MINKOWITZ AND FOR THE IMPOSITION OF SANCTIONS PURSUANT TO R. 1:4-8

CASE CAPTION: Sedges v. Sedges DOCKET NO.: FM-14-000773-25

TO THE COURT:

Plaintiff, Albert Sedges, Pro Se, respectfully moves this Court for an Order: (1) Disqualifying the Honorable Judge Barbato and the Honorable Assignment Judge Minkowitz from all future proceedings in the above-captioned matter pursuant to R. 1:12-1(f); (2) Vacating all Orders resulting from the *sua sponte* referral process; and (3) Imposing sanctions against opposing counsel pursuant to R. 1:4-8.

## I. STATEMENT OF REASONS FOR MOTION

This motion is necessary because the referral of the Plaintiff's conduct for a potential "vexatious litigant" designation, originating from the trial judge (Barbato) and acted upon *sua sponte* by the Assignment Judge (Minkowitz), creates an impermissible appearance of impropriety and violates the Plaintiff's fundamental due process rights to an impartial judiciary.

### A. The Vexatious Litigant Process and Impartiality

The procedure for designating a litigant as vexatious involves a high degree of judicial scrutiny that must be initiated and overseen with absolute impartiality. When the trial judge (Barbato) initiates the action by referring the matter to the Assignment Judge (Minkowitz), and the Assignment Judge then acts *sua sponte*, it suggests that the judiciary itself is abandoning its role as a neutral arbiter and has initiated the adversarial action against the Plaintiff. This procedure is legally flawed and taints the entire process.

## II. ARGUMENT FOR JUDICIAL DISQUALIFICATION (R. 1:12-1(f))

A judge must be disqualified if there is any reason that might preclude a fair and unbiased hearing and judgment, or if there is any doubt as to the judge's ability to preside impartially. (N.J. Ct. R. 1:12-1(f)).

### A. Disqualification of Hon. Judge Barbato

Judge Barbato, by unilaterally initiating the referral for a "vexatious litigant" finding, has acted as an **adversary** against the Plaintiff, placing his own personal knowledge, observations, and conclusions regarding the Plaintiff's conduct into the judicial record. This extra-judicial involvement disqualifies him:

1. **Impartiality:** The referral demonstrates that Judge Barbato has predetermined that the Plaintiff's filings are vexatious, compromising his ability to rule impartially on any future motion filed by the Plaintiff.

2. **Appearance of Impropriety:** The act of initiating the process itself creates an appearance that the Judge is personally invested in restraining the Plaintiff, thus violating the judicial canons

requiring judges to avoid any appearance of bias.

### B. Disqualification of Hon. Assignment Judge Minkowitz

Assignment Judge Minkowitz, by acting *sua sponte* on the referral from Judge Barbato, has effectively ratified the trial judge's non-neutral position and adopted the adversarial role:

1. **Tainted Process:** The referral from Judge Barbato, who has demonstrated bias, taints the subsequent action by the Assignment Judge.

2. **Due Process Violation:** An Assignment Judge using their *sua sponte* power to initiate a vexatious litigant proceeding based on a non-neutral referral violates the Plaintiff's due process right to defend against a truly impartial proceeding.

## III. ARGUMENT FOR RULE 1:4-8 SANCTIONS AGAINST COUNSEL

Rule 1:4-8 permits sanctions against a party or counsel who files a motion or pleading that is submitted for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Opposing counsel's actions in this matter, particularly the continuation of litigation on issues already addressed and the alleged involvement in prompting the vexatious litigant review, constitute harassing and frivolous tactics designed to cause unnecessary delay and expense.

The Plaintiff intends to submit a formal Notice of Motion for Sanctions to opposing counsel, in compliance with the procedural requirements of Rule 1:4-8, arguing that opposing counsel is participating in a pattern of harassing litigation that has now extended into involving the Assignment Judge in matters already decided.

## IV. CONCLUSION

The judicial process initiated by the *sua sponte* referral and subsequent action is procedurally flawed and fatally compromised by the appearance of partiality. Furthermore, the defense counsel's litigation tactics demonstrate bad faith.

Plaintiff respectfully requests that the Court:

1. **DISQUALIFY** the Honorable Judge Barbato from all future proceedings in these matters.

2. **DISQUALIFY** the Honorable Assignment Judge Minkowitz from presiding over any matter concerning the Plaintiff's vexatious litigant status or related judicial review.

3. **STAY** all proceedings related to the vexatious litigant referral pending the outcome of this disqualification motion.

4. **RESERVE JURISDICTION** to impose sanctions pursuant to R. 1:4-8 upon the filing of the required Notice.

5. Grant such other relief as the Court deems just and equitable.

Sincerely,

Albert Sedges, Pro Se

## CERTIFICATION OF TRUTH AND SERVICE

I hereby certify that the foregoing statements made by me are true to the best of my knowledge, information, and belief. I understand that any false statements made in this document are subject to the penalties of law.

I further certify that a true and accurate copy of this Motion for Judicial Disqualification and Imposition of Sanctions has been served upon opposing counsel via the JEDS system, U.S. Mail (First Class), and via email on this **December 10th, 2025.**

The mailing address for opposing counsel is: **Superior Court of Morris County 10 Court Street, Morristown, New Jersey 07960.**

**Albert Sedges** Plaintiff Pro Se

**SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: FAMILY PART MORRIS COUNTY**

| | |
|---|---|
| In the Matter of the Application for an Injunction Against Albert Sedges Preventing him from Filing Papers with the Court without Permission of the Assignment Judge | **DOCKET NO. FM-14-00773-25** |
| | **CIVIL ACTION** |
| **MOTION TO DISQUALIFY JUDGE BARBATO AND ASSIGNMENT JUDGE MINKOWITZ FOR CAUSE AND MOTION FOR RULE 1:4-8 SANCTIONS** | **HEARING DATE:** [Insert Date from OSC] |

**COMES NOW**, the Defendant, ALBERT SEDGES, *Pro Se*, and respectfully moves this Honorable Court for an Order pursuant to **N.J. Court Rule 1:12-1(f)** to disqualify **Judge Barbato** and **Assignment Judge Minkowitz** from any further participation in this matter, and further moves for an Order pursuant to **N.J. Court Rule 1:4-8** imposing sanctions upon the party responsible for the filing of the factually unverified and procedurally compromised Order to Show Cause (OSC).

## I. STATEMENT OF FACTS AND DUE PROCESS VIOLATIONS

1. This Motion is filed contemporaneously with the Certification in Opposition to the Order to Show Cause (OSC) which seeks to label the Defendant a Vexatious Litigant.

2. The OSC was initiated by Assignment Judge Minkowitz based upon a referral from Judge Barbato, who is the subject of a pending Administrative Complaint and Recusal Motion filed by the Defendant.

3. The OSC alleges that the Defendant filed **233 frivolous filings** since October 1, 2025. As demonstrated in the Certification in Opposition, this number is a **mathematically impossible and factually fraudulent fabrication** that is not supported by the Court's own records, constituting a gross misrepresentation of the record.

4. Assignment Judge Minkowitz, in issuing the OSC, explicitly compromised the judicial process by acting as both the **complainant** (by initiating the action based on the unverified 233 claim) and the **adjudicator** (by presiding over the Vexatious Litigant application against the Defendant).

5. Judge Barbato initiated the referral while he was being actively challenged by the Defendant for judicial non-compliance (violating Rule 1:7-4) and ignoring a pending Recusal Motion against himself, thereby using the vexatious litigant referral for an improper retaliatory purpose.

## II. ARGUMENT FOR DISQUALIFICATION UNDER RULE 1:12-1(f)

### A. Disqualification of Judge Barbato (Compromised Impartiality)

Pursuant to **Rule 1:12-1(f)**, a judge must be disqualified if there is any reason which might preclude a fair and unbiased hearing and judgment, or if there are any other circumstances making their continued service improper.

1. **Direct Conflict and Retaliation:** Judge Barbato is the subject of the Defendant's **Administrative Complaint and Recusal Motion**. His referral of the Defendant as a vexatious litigant, while simultaneously denying consideration of the complaints against himself, is a clear act of **retaliation** designed to silence the litigant who challenges his authority. This creates an irreconcilable conflict of interest, where the challenged judge is weaponizing administrative process against the challenging party.

2. **Lack of Findings of Fact:** Judge Barbato's underlying orders were repeatedly non-compliant with **Rule 1:7-4**, forcing the Defendant to file supplemental certifications. His referral order is devoid of any specific findings of fact as to **why** the filings were frivolous, further demonstrating a lack of judicial temperance and impartiality.

3. **Compromised Appearance of Justice:** No reasonable litigant could believe they will receive a fair hearing from a judge who has actively participated in a proceeding designed to strip them of their access to the courts.

## B. Disqualification of Assignment Judge Minkowitz (Acting as Complainant and Judge)

1. **Violation of Due Process by Dual Role:** Assignment Judge Minkowitz has allowed himself to be placed in the untenable position of being the **accuser** and the **adjudicator**. By initiating the *sua sponte* OSC based on the unverified, mathematically flawed claim of 233 filings, the Assignment Judge has prejudged the Defendant's entire record ("Having found these to have no legal or factual Merit"). This compromises the **impartiality of the tribunal** and violates the Defendant's right to due process.

2. **Compromised Appearance of Justice:** The Assignment Judge's reliance on factually false information (the 233 filings) and subsequent initiation of the OSC demonstrates a personal bias against the Defendant before the hearing even begins. This requires immediate recusal to preserve the integrity of the Morris County judiciary.

# III. ARGUMENT FOR SANCTIONS UNDER RULE 1:4-8 (FRIVOLOUS LITIGATION)

**Rule 1:4-8** provides for sanctions when a pleading is filed for an **improper purpose**, such as harassment or to cause unnecessary delay or needless increase in the cost of litigation, or when the factual contentions are **without evidentiary support**.

1. **The Referral Order as a Frivolous Submission:** The Order issued by Judge Barbato, which referred the vexatious litigant claim based on a grossly inflated and unverified number of filings (the 233 claim), was filed for the **improper purpose of retaliation and to impede the Defendant's access to justice** and his ability to appeal the underlying non-compliant orders.

2. **Factual Contentions Without Evidentiary Support:** The central, dispositive factual assertion in the OSC—the **233 filings**—is a fabrication. The individual who submitted this number to the Assignment Judge failed to conduct a reasonable inquiry and certified a claim that is mathematically contradicted by the court's own records (as detailed in the Certification in Opposition). This constitutes a clear violation of **Rule 1:4-8(a)(3)**.

3. **Relief Sought Under Rule 1:4-8:** The Court must immediately strike the OSC as a frivolous filing and impose sanctions, including, but not limited to, **all costs and attorney fees incurred by the Defendant** in defending against this baseless and procedurally improper Vexatious Litigant proceeding.

# IV. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, and those articulated in the contemporaneous Certification in Opposition, the Defendant, Albert Sedges, respectfully requests that the Court enter an Order:

A. **IMMEDIATELY DISQUALIFYING** Judge Barbato and Assignment Judge Minkowitz from further participation in this matter pursuant to **R. 1:12-1(f)**. B. **IMMEDIATELY DISMISSING** the Order to Show Cause with prejudice, due to its foundation upon factually fraudulent information and compromise of due process. C. **IMPOSING SANCTIONS** pursuant to **R. 1:4-8** upon the party responsible for the

baseless referral, and awarding the Defendant all reasonable costs incurred in defending against this frivolous administrative action. D. Assigning the matter to a new, impartial Judge.

**I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and that I understand these statements are made subject to the penalties of perjury under law.**

**Dated:** December 8, 2025

**Albert Sedges Defendant, Pro Se**

CONFIDENTIAL  FM-14-000773-25    10/20/2025 06:00:48 PM   Pg 5 of 9   Trans ID: FAM20251711251

## FILED

**NOV 25 2025**

Martin F. Barbato, J.S.C.

EXT A

### Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT N. SEDGES

NJ Attorney ID Number  N/A

Address  69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856

Daytime Phone  8626836327   ext. N/A   Cell Phone 0000000000

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT N. SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL ANN SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County   Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on ~~Friday~~, Saturday, October 18, 2025 ☒ _____, on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify): Formal Administrative Complaint and Request for Immediate Judic

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☐ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this  November 24, 2025  ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

CONFIDENTIAL  FM-14-000773-25  10/20/2025 06:00:48 PM  Pg 6 of 9  Trans ID: FAM20251711251

EXT A

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

Defendant failed to make a request for relief that is/was supported by law and/or fact. Defendant filed the same motion five times, on 10/10/15 (twice), on 19/10/15, and on 10/11/15 (twice). Defendant has filed fifty-one motions and/or certifications since 10/17/15, seeking similar relief to this motion and/or previous motions. Therefore,

2. The Morris County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- N/A , required by this order and reissue, if necessary, any income withholding orders.

Martha J Barbota

, J.S.C.

Defendant is hereby referred to the Hon. Stuart Minkowitz, A.J.S.C., for a hearing on whether Defendant should be found to be a vexatious litigant, pursuant to Rosenblum v Borough of Cluster, 333 N.J. Super 385, 395-397 (App. Div. 2000).

SAYS I'M VEXATIOUS
RETALIATION FOR COMPLAINT
VIOLATION OF RIGHT FOR GOVERMENT
REPRESS

CONFIDENTIAL  FM-14-000773-25  10/20/2025 06:00:48 PM  Pg 5 of 9  Trans ID: FAM20251711251

Ex

**FILED**

DEC 05 2025

**Form C - Proposed Order**

Martin F. Barbato, J.S.C

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT N. SEDGES

NJ Attorney ID Number  N/A

Address  69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856

Daytime Phone  8626836327  ext. N/A  Cell Phone 0000000000

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT N. SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL ANN SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on Friday, _October 20, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify): Formal Administrative Complaint and Request for Immediate Judic

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☐ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _December 3, 2025_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

CONFIDENTIAL  FM-14-000773-25   10/20/2025 06:00:48 PM   Pg 6 of 9   Trans ID: FAM20251711251

EX B

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This is a duplication of Defendants previous motion, which was denied, pursuant to the Courts November 25, 2025, Order._

_____

_____

2. The _Morris_ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_ , required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_ , J.S.C.

Revised 08/06/2020, CN 10483



**FILED**

DEC 05 2025

**Martin** F. Barbato, J.S.C.

### Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT N. SEDGES

NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD. HOT SPRINGS AR.
~~71960 BLDG I APT 130~~

Daytime Phone  8626836327      ext. N/A    Cell Phone
Email Address  SEDGES1@YAHOO .COM
Your Name  ALBERT N. SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part
County    Morris

Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on Friday, _November 1, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments ☐ Emancipate a Child

☐ Change Custody arrangements ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements ☐ Change of Venue

■ Other (specify): JUDICIAL RECUSIAL JUDGE BARBATO

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _December 5, 2025_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____
   b. _____

CONFIDENTIAL FM-14-000773-25  10/20/2025 06:00:48 PM  Pg 6 of 9  Trans ID: FAM20251711251



c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This is a duplicate of defendant's previous motion of October 20, 2025, which was denied pursuant to the Court's November 25, 2025, Order._

2. The _Morris_ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_ , required by this order and reissue, if necessary, any income withholding orders.

Martin F. Barbato , J.S.C.

CONFIDENTIAL FM-14-000773-25   12/29/2025 12:15:20 AM   Pg 5 of 27   Trans ID: FAM20252055810



**FILED**

FEB 03 2026

**Form C - Proposed Order**

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH ROGERS RD. HOT SPRINGS AR 71901
BLDG 1 APT 130

Daytime Phone  8626836327      ext. N/A    Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

---

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County   Morris

Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

---

THIS MATTER being opened to the court on ~~Friday,~~ _December 29, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

■ Other (specify):  "Two-Pronged Fraud Upon the Court" by judge MINKOWITZ

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_   ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

---

Revised 08/06/2020, CN 10483

page 25 of 36