**ATTACHMENT TO COMPLAINT AGAINST SUSAN CHAIT**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**ALBERT SEDGES, Plaintiff,**
**v.**
**SUSAN CHAIT, Defendant.**

**NOTICE: SUPPLEMENTAL PAGE FOR PROPOSED ORDER (FORM C)**

Plaintiff, Albert Sedges, appearing Pro Se, hereby submits this supplemental page to be included with the original filing. This document is intended to be filed and docketed immediately following the main Complaint as an integral part of the initial filing package. This page provides the concluding portion of the Proposed Order (Form C) which was omitted from the primary document.

**ALBERT SEDGES, Plaintiff Pro Se**      4/6/2026

CONFIDENTIAL FM-14-000773-25   12/29/2025 12:15:20 AM   Pg 6 of 27   Trans ID: FAM20252055810

**2 of 2**          **EX**          **C**

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Failure to state a claim and/or to provide legally_
_sufficient support for a claim upon which relief_
_can be granted._

_____

_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__, required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barlato_

Martin F. Barlato          , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review**. See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").