UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

**ALBERT SEDGES**, Plaintiff,

v.

**CLERK OF THE SUPERIOR COURT**, Defendant.

Civil Action No. 2:26-cv-03621-EP-CF

# Motion for Extension of Time for Service of Process

TO THE HONORABLE JAMES B. CLARK:

**1. INTRODUCTION** The Plaintiff, appearing *pro se*, respectfully moves this Court for an extension of time to complete service of process upon the Defendant. This request is necessitated by administrative delays and ongoing issues with the system, which have impeded the timely processing of legal documents.

**2. CONSTITUTIONAL AND LEGAL BASIS** The Plaintiff asserts that the right to meaningful access to the courts is a fundamental constitutional requirement. The failure of administrative systems to facilitate the timely processing of documents does constitute a violation of the Due Process Clause of the Fourteenth Amendment, as these administrative barriers deprive the Plaintiff of the ability to move his case forward.

Further, administrative staff do not enjoy absolute immunity for their failure to perform ministerial duties related to the filing and service of process. Pursuant to *Forrester v. White*, 484 U.S. 219 (1988), judicial immunity does not extend to administrative acts performed by judicial officers and staff. Additionally, *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993) establishes that court staff do not have absolute immunity for ministerial tasks, which constitutes a significant legal precedent for this matter. When such officers interfere with the ability of a litigant to serve process, they do constitute a hindrance to the administration of justice for which they cannot claim immunity, as immunity is limited to judicial, not administrative, functions.

**3. RELIEF REQUESTED** For the reasons stated above, the Plaintiff respectfully requests that this Court grant an additional 30 days to effectuate service of process. This extension will ensure that the litigation proceeds on its merits rather than being dismissed due to technical, non-discretionary procedural impediments.

**4. CONCLUSION** The Plaintiff has acted in good faith to adhere to the Federal Rules of Civil Procedure and seeks this extension to ensure the continued integrity of his constitutional rights.

**Respectfully submitted,**

s/ Albert Sedges *Pro Se Plaintiff* June 5, 2026